LOWEY v. FIDELITY PRINTING CO.

(Supreme Court, Appellate Term, First Department.  April 27, 1896.)

WITNESSES—INTEREST—CREDIBILITY—FOR THE JURY.
Where the only evidence in support of plaintiff's claim is his own testimony and that of his brother, who is a stockholder in a company whose assets, in case of an adverse judgment, would be liable for the payment of the debts with which it is sought to charge defendant, the witnesses' credibility, though unassailed, is for the jury.

Appeal from city court of New York, general term.

Action by Frederick Lowey against the Fidelity Printing Company, as the successor in interest of another corporation, and on an alleged contractual assumption of liabilities.   From a judgment of the general term of the city court of New York (34 N. Y. Supp. 1143) affirming a judgment in favor of plaintiff on a verdict directed by the court, defendant appeals.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jonathan C. Ross, for appellant.

T. B. Wakeman, for respondent.

BISCHOFF, J.   In this action, the plaintiff sought to charge the defendant corporation with certain liabilities upon transactions had in the year 1891, between him and another corporation, the Lowey Printing and Stationery Company, upon the grounds (1) that the defendant has succeeded to the rights and assets of the Lowey Company, and (2) that, upon a sale of such assets to the defendant, it had contractually assumed to pay the Lowey Company's debts.   A verdict for the plaintiff was directed at the trial, against the defend-

ant's objection, and, to the ruling, due exception appears in the record.

It is clear that the court below entertained the action upon no other ground than the one last above alluded to. It was not even attempted to show that the defendant was the Lowey Company reorganized or consolidated with another corporation, pursuant to the provisions of the business corporation law (Laws 1890, c. 567, §§ 5, 13, 17), in either of which events only the new corporation would assume the liabilities of the former by operation of law (Thomp. Corp. § 365, etc.); and if, by succession to the rights and assets of the Lowey Company alone, the defendant, to that extent, was bound for the debts of its predecessor, for purely equitable reasons, the court, being without the jurisdiction of a court of equity, could not render the judgment appealed from.

We do not deem it essential, upon this appeal, to go into the facts touching the claims against the Lowey Company, although there is room for contention as to whether the plaintiff's first cause of action could prevail upon the evidence adduced. In our view, the judgment is well assailed, for the error which appears from the exception taken to the trial justice's withdrawal of the case from the jury. No motion was made by the defendant's counsel, after both sides had concluded the introduction of evidence, either for dismissal of the complaint, or for the direction of a verdict. It cannot therefore be urged that the defendant consented to a determination of the facts by the court. Its liability in this action, as well as the facts, was contested by the defendant, by answer and upon the trial. The only evidence, if any, of an assumption by the defendant of the Lowey Company's liabilities is to be found in the testimony of the plaintiff and of his brother William Lowey, called as a witness in the former's behalf; and so with regard to the evidence of the value of the chattels claimed to have been converted. Both witnesses were interested in the event of the action; the plaintiff obviously so, and his brother as a conceded stockholder in, and part owner of, the Lowey Company (Bank v. Diefendorf, 123 N. Y. 191, 200, 25 N. E. 402), in whose hands the assets of the last-named company, or the proceeds of the sale of such assets, were applicable to the payment of that company's debts if the effort to charge the defendant with such debts should prove unavailing. The credibility of these witnesses, therefore, was to be determined by the jury, notwithstanding that such credibility may not have been directly assailed or impeached. Elwood v. Telegraph Co., 45 N. Y. 549; Wohlfahrt v. Beckert, 92 N. Y. 490; Cady v. Bradshaw, 116 N. Y. 188, 22 N. E. 371; Bank v. Diefendorf, 123 N. Y. 191, 200, 25 N. E. 402; 29 Am. & Eng. Enc. Law, 774.

Errors also appear in the admission and exclusion of evidence. It would be supererogatory, however, to discuss them, since they may not occur upon a retrial of the action, and reversal of the judgment appealed from is imperative upon the error hereinbefore pointed out.

The judgments of the general and trial terms of the court below are reversed, and a new trial is ordered, with costs to the appellant to abide the event. All concur.